LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09929-BRO (RAOx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DAVID LOWERY V. SPOTIFY USA INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER DENYING MOTION FOR CORRECTIVE ACTION WITHOUT PREJUDICE [46]

Pending before the Court is plaintiffs David Lowery, Victor Krummenacher, Greg Lisher, and David Faragher's ("Plaintiffs") motion for corrective action to prevent Defendant Spotify USA Inc. ("Defendant" or "Spotify") from making misrepresentations to putative class members.  (Dkt. No. 46.)  After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. L.R. 7–15.  For the following reasons, the Court **DENIES** Plaintiffs' motion **WITHOUT PREJUDICE**.

## I.    BACKGROUND

Plaintiffs seek to represent a class of copyright owners of nondramatic musical works or compositions that have been reproduced and/or distributed by Spotify without a license during the last three years.  (Dkt. No. 1 ¶ 6.)  Plaintiffs allege that Spotify infringes the copyrights of the class in their musical compositions by reproducing and distributing sound recordings embodying those musical compositions to its end users in the form of interactive streams and limited downloads.

In June 2015, Spotify and the National Music Publishers' Association ("NMPA"), a trade organization that represents music publishers and their songwriting partners, began arms-length negotiations and conversations regarding an agreement concerning potential royalty payments for unmatched works.  (Decl. of Natalie Margulies ("Margulies Decl.") ¶¶ 5, 6.)  The parties exchanged proposed terms for an agreement in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09929-BRO (RAOx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | DAVID LOWERY V. SPOTIFY USA INC. | | |

November 2015.  (Margulies Decl. ¶ 5.)  Lowery filed the first class action complaint against Defendant with this Court on December 28, 2015.  (Dkt. No. 1.)  Spotify and the NMPA reached a final, bilateral agreement in March 2016.  (Margulies Decl. ¶ 4.)  The NMPA and Spotify issued a joint press release on March 17, 2016, announcing an overview of the agreement.  (*See* Margulies Decl. ¶ 4, Ex. 1.)

On April 18, 2016, Plaintiffs filed the instant motion for corrective action, claiming that Spotify's agreement with the NMPA has led to "non-public statements to putative class members contain[ing] . . . biased and deceptive information."  (Dkt. No. 46 at 9.)  Plaintiffs seek an order under Federal Rule of Civil Procedure 23(d):

(1) requiring that all communications between Spotify (and those in concert with Spotify, including the NMPA) and putative class members concerning the settlement be produced for review by Plaintiffs and this Court;

(2) authorizing the issuance of corrective notices to putative class members (to the extent that any misleading communications have already occurred), and invalidating any releases obtained in connection therewith; and,

(3) prohibiting Spotify (and those in concert with Spotify) from making any future misleading communications to putative class members in connection with Spotify's agreement with the NMPA.

(*Id.*)  Defendant timely opposed Plaintiffs' motion for corrective action on April 25, 2016.  (Dkt. No. 53.[1])  On May 2, 2016, Plaintiffs timely filed a reply in support of their motion.  (Dkt. Nos. 60, 67.)

## II.   DISCUSSION

As an initial matter, Plaintiffs seek relief directed at and based on the alleged conduct of the NMPA.  (*See generally* Dkt. No. 46.)  Unlike Spotify, however, the NMPA is not a party to this litigation.  (*See generally* Dkt. No. 1.)  The Court does not have the authority to "determine the rights of persons not before the court."  *Zepeda v.*

---

[1] The following day, Defendant filed a notice of errata and a corrected opposition to Plaintiffs' motion. (*See* Dkt. Nos. 54, 55.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929-BRO (RAOx) | | Date | May 16, 2016 |
|---|---|---|---|---|
| Title | **DAVID LOWERY V. SPOTIFY USA INC.** | | | |

*I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).  In fact, Federal Rule of Civil Procedure 65 mandates that an injunction can bind only: (1) the parties; (2) their "officers, agents, servants, employees, and attorneys"; or, (3) those in "active concert or participation" with the parties.  Fed. R. Civ. P. 65(d)(2).  Plaintiffs claim, in conclusory fashion, that the NMPA "is acting in concert with Spotify."  (*See, e.g.*, Dkt. No. 46 at 7.)

On the other hand, Defendant provides a sworn declaration stating that the negotiations were conducted at arms' length, that the NMPA and Spotify were represented separately by counsel throughout the negotiations, and that many issues were contested.  (Margulies Decl. ¶ 6.)  The Court does not find that the agreement on its own sufficiently establishes a relationship equivalent to "that of associate or confederate." *Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 436–37 (1934).

Although Federal Rule of Civil Procedure 23(d) authorizes district courts to "enter appropriate orders governing the conduct of counsel and parties" in a class action, a court order restricting communication with putative class members must be grounded in "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100–02 (1981).  With respect to Defendant Spotify, the Court cannot make any specific findings of abusive or unethical conduct based on the record here.  The content of the agreement between Spotify and the NMPA itself does not warrant corrective action.  Plaintiffs' conclusory assertions do not counter the fact that the agreement does not on its face suggest the likelihood of misleading or improper conduct.

Plaintiffs further allege that Defendant had improper contact with some putative class members, or that Defendant had improper contact vis-à-vis its "partner," the NMPA.  (*See, e.g.*, Suppl. Decl. of Mona Z. Hanna ¶ 2, Ex. A.)  However, the conduct described by Plaintiffs as an "'intent[] to threaten to influence the choice of remedies' of prospective class members," (Dkt. No. 67 at 7 (quoting *In re Sch. Asbestos Litig.*, 842 F.2d 671, 683 (3d Cir. 1988))), is neither abusive nor coercive; nor does it suggest a likelihood of abuse or coercion sufficient for this Court to intervene.  *See Gulf Oil*, 452 U.S. at 104; *Hernandez v. Best Buy Stores, L.P.*, No. 13cv2587–JM (KSC), 2015 WL 7176352, at \*15 (S.D. Cal. Nov. 13, 2015) ("The 'mere possibility' of abusive tactics is simply not enough.").  Accordingly, the Court finds no justification on this record to grant Plaintiffs' motion at this time.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929-BRO (RAOx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | **DAVID LOWERY V. SPOTIFY USA INC.** | | |

Finally, the parties argue over whether they sufficiently met and conferred pursuant to the Central District of California's Local Rule 7-3 and this Court's Standing Order.  (*See* Dkt. Nos. 55 at 11–12, 67 at 9–11.)  Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  This Court's Standing Order further states that "[c]ounsel must comply with Local Rule 7-3" and "should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court."  (Standing Order ¶ 5(b); *see* Dkt. No. 8; *see also* Dkt. No. 12.)  Moreover, the Standing Order indicates that any "[f]ailure to comply with Local Rule 7-3 may result in the Court striking the motion and/or sanctions."  (Standing Order ¶ 5(b).)  The Court expects that all parties involved in this litigation will follow the Local Rules, as well as this Court's Standing Order, as this matter proceeds.  The Court further admonishes the parties that any failure to abide by the Local Rules and this Court's Standing Order could result in sanctions.  Counsel shall cooperate in opposing counsel's attempts to meet and confer.  To be clear, the Court expects parties intending to file motions before this Court *meaningfully* meet and confer.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for corrective action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |