**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA FERRICK, et al.,<br><br>        Plaintiff,<br><br>vs.<br><br>SPOTIFY USA INC., et al.,<br><br>        Defendants. | No. 1:16-cv-08412 (AJN) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Pending before the Court is the unopposed Motion for Preliminary Approval of Settlement filed by Plaintiffs Melissa Ferrick, individually and doing business as Nine Two One Music and Right on Records/Publishing ("Ferrick"), Jaco Pastorius, Inc. ("Pastorius"), and Gerencia 360 Publishing, Inc. ("Gerencia") (collectively "Class Plaintiffs" or "Plaintiffs"), individually and on behalf of the putative Settlement Class. For the reasons stated here, the Court grants Plaintiffs' Motion, conditionally certifies the Settlement, preliminarily approves the Settlement, and enters the schedule set forth below for notice to Settlement Class Members, opt-out and objection deadlines, and for a final approval hearing.

**WHEREAS**, on May 26, 2017, the parties filed a Settlement Agreement and Release ("Settlement" or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and release of certain claims against Defendant Spotify USA Inc. ("Spotify"). The Settlement Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and in mediations and additional telephonic and in-person follow-up under the guidance of the Honorable Layn R. Phillips (Ret.);

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings in this Action, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

1

**NOW, THEREFOR,** pursuant to Federal Rule of Civil Procedure 23, **IT IS HEREBY ORDERED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement.

2. The Court preliminarily approves the Settlement as set forth in the Settlement as being fair, reasonable and adequate to the Settlement Class, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness or adequacy of the Settlement and to show cause, if any exists, why a final judgment dismissing the Action against Spotify, and ordering the release of the Released Claims against the Spotify Releasees, should not be entered after due and adequate notice to the Settlement Class as set forth in the Settlement and after a hearing on final approval.

3. The Court finds that the Settlement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the range of reasonableness that notice of the Settlement should be given as provided in the Settlement.

4. The Court finds that the proposed distribution plan is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

**I.  THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

5. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

6. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following:

> All persons or entities who own copyrights in one or more musical compositions (a) for which a certificate of registration has been issued or applied for on or before _____, 2017; and (b) that was made available by Spotify for interactive streaming and/or limited downloads during the Class Period (December 28, 2012 through the Preliminary Approval Date) without a license.
>
> The following are excluded from the Settlement Class: (i) Spotify and its affiliates, employees, and counsel; (ii) federal, state, and local governmental entities; (iii) the Court; (iv) persons and entities who, in 2016, executed a Participating Publisher Pending and Unmatched Usage Agreement in connection with the Pending and Unmatched Usage Agreement, dated as of March 17, 2016, between Spotify and the National Music Publishers' Association, or any other person or entity who has agreed not to bring a claim against Spotify in this Action; and (v) any person or entity who has already provided Spotify with a release with respect to claims concerning musical compositions for which a certificate of registration has been issued or applied for, but the exclusion applies solely with respect to such released claims.

7. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiffs Ferrick, Pastorius, and Gerencia are hereby appointed Class Plaintiffs representing the Settlement Class. Gradstein & Marzano, P.C. and Susman Godfrey L.L.P. are hereby appointed as Class Counsel for purposes of the Settlement, as the Court has determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of Federal Rules of Civil Procedure 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Settlement, that:

   (a) <u>Numerosity</u>: The Settlement Class likely consists of hundreds of thousands of members, and thus satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of Spotify, common to the claims of copyright infringement of the members of the Settlement Class. Because the Settlement eliminates the need to hold a trial and Spotify would be waiving its numerous affirmative defenses that it contends raise individualized issues, this case involves a number of common issues that satisfy Rule 23(a)(1)'s commonality requirement, including, *inter alia*, (1) whether Spotify reproduced and distributed musical compositions through interactive streaming and/or limited downloads without a license; (2) whether Spotify's reproduction and distribution of musical compositions through interactive streaming and/or limited downloads without a license constitutes direct infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*; (3) whether Spotify acted willfully with respect to the acts complained of herein; (4) the basis and method for determining and computing damages, including statutory damages; and (5) whether Spotify's infringing conduct is continuing, thereby entitling the members of the class to injunctive or other relief.

(c) <u>Typicality</u>: The claims of the Class Plaintiffs are typical of the claims of the Settlement Class they seek to represent: They each allege that they suffered an injury from Spotify's alleged copyright infringement, as does the rest of the Settlement Class. Therefore, in the context of this Settlement, the element of typicality is satisfied, especially in light of the fact that, as noted above, under the Settlement Spotify would be waiving its numerous affirmative defenses that it contends raise individualized issues.

(d) <u>Adequate Representation</u>: The Class Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Class Plaintiffs will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court

recognizes the experience of Class Counsel and finds under Federal Rule of Civil Procedure that the requirement of adequate representation of the Settlement Class has been fully met.

(e) Predominance of Common Issues: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, in which Spotify is waiving its numerous affirmative defenses that it contends would raise individualized issues, these common issues predominate over any individual questions, favoring class treatment.

(f) Superiority of the Class Action Mechanism: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Moreover, because the Settlement obviates the need to conduct a trial, concerns that Spotify would raise with the manageability of the trial that might be present if Spotify were not waiving its numerous affirmative defenses are absent here. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

9. The Court further finds that (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) it is desirable to concentrate the claims in this forum; and (iii) it is unlikely that there will be difficulties encountered in administering this Settlement.

10. The Class Plaintiffs are Ferrick, Pastorius, and Gerencia. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by

the Honorable Layn R. Phillips (Ret.), the Court preliminarily finds that these designated Class Plaintiffs are appropriate for settlement purposes. The Court finds that the Class Plaintiffs are members of the Settlement Class.

11. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Spotify shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Federal Rule of Civil Procedure.

## II. NOTICE TO SETTLEMENT CLASS MEMBERS

12. The Court has considered the proposed Class Notice, Publication Notice, Postcard Notice, and Notice Plan referenced in the Settlement Agreement and attached as exhibits to the Settlement Agreement and/or described in the declarations of Stephen J. Cirami and Marian Dicus, and finds that the forms, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process of the United States Constitution and Federal Rule of Civil Procedure 23, are the best notice practicable under the circumstances, constitute valid, due and sufficient notice to all persons and entities entitled to notice, and satisfy the constitutional requirements of notice and any other applicable law, rule and/or regulation. The Court approves the notices in all respects (including the proposed forms of notice and the notice provisions of the Settlement Agreement), and orders that notice be given in substantial conformity therewith.

13. The costs of disseminating the notice shall be paid by Spotify in accordance with the Settlement Agreement. All costs of providing the Class Notice, Publication Notice, Postcard Notice, and Notice Plan as provided herein, including the costs of identifying address

information for Settlement Class Members and the costs of printing, web hosting and/or publishing the notices, shall be paid for by Spotify.

## III. CONFIDENTIALITY

14. Any information received by the Settlement Administrator in connection with the Settlement Class that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Spotify's Counsel, Spotify, and the Court, or as otherwise provided in the Settlement Agreement.

## IV. REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

15. Settlement Class Members who wish to be excluded from Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than seventy-five (75) days after entry of the Preliminary Approval Order, which is also no later than thirty (30) days after the first Publication Notice is to be provided. A Request for Exclusion that is not postmarked to the Settlement Administrator on or before the Opt-Out Deadline, including any Requests for Exclusion that are sent to the wrong location, shall be deemed invalid.

16. To be valid, a Request for Exclusion must contain all of the following information: (a) the full legal name of the Settlement Class Member; (b) telephone number, mailing address, and email address (if available) of the Settlement Class Member; (c) the U.S. copyright registration number (or copyright registration application number) for each copyrighted musical composition owned in whole or in part by the Settlement Class Member; and (d) the statement that "I request to be excluded from the proposed class settlement in *Ferrick et al. v. Spotify USA Inc.*, No. 1:16-cv-8412-AJN (S.D.N.Y.)."

17.     For any Settlement Class Member who owns more than one copyrighted musical composition that the Settlement Class Member contends that Spotify made available for interactive streaming and/or limited downloading without a license, the Request for Exclusion must identify every separate composition. Otherwise, the Request for Exclusion shall be valid only with respect to that Settlement Class Member's claims with respect to the compositions identified on a timely submitted Request for Exclusion.

V.     **APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

18.     The Court appoints Garden City Group LLC as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) providing notice to the Settlement Class, as provided in Paragraph 12 of the Settlement Agreement; (b) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Class Notice, this Preliminary Approval Order and other important documents and information about the Settlement; (c) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (d) setting up and maintaining an email address and fielding email inquiries about the Settlement; (e) creating and maintaining the Settlement Claims Webpage in accordance with the provisions of the Settlement Agreement; (f) reviewing, processing and approving Claim Forms and Royalty Claim Forms; (g) acting as a liaison between Settlement Class Members and the Parties; (h) directing the mailing of payments from the Net Settlement Fund and quarterly royalty payments under the Future Royalty Payments Program to Settlement Class Members who are Authorized Claimants and/or Identified Royalty Claimants; (i) preparing and providing a declaration to Spotify's and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of this Settlement

Agreement related to notice to the Settlement Class and list each Settlement Class Member who timely and validly opted out of the Settlement; and (j) perform any other tasks reasonably required to effectuate the Settlement.

19. No later than ten (10) calendar days before the objection deadline, the Settlement Administrator will file with the Court and serve both Class Counsel and Spotify's Counsel a declaration stating that the notice to the Settlement Class required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

## VI. FINAL APPROVAL HEARING AND SCHEDULE

20. A hearing (the "Final Approval Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court no earlier than one hundred twenty-five (125) days from the date of entry of the Preliminary Approval Order.

21. The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court for the following purposes:

(a) to determine whether the applicable prerequisites for settlement class action treatment under Federal Rule of Civil Procedure 23 are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether any objections to the Settlement should be overruled;

(d) to determine whether the Fee Award requested by Class Counsel and the Incentive Awards to the Class Plaintiffs should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e) to consider the distribution of the Settlement Fund pursuant to the Settlement; and

(f) to rule upon such other matters as the Court may deem appropriate.

Briefs and papers in support of the final approval of the proposed settlement, the proposed distribution plan, and all papers in support of an award of attorneys' fees, reimbursement of costs, and Incentive Awards, shall be filed no later than twenty-one (21) days before the Final Approval Hearing. No later than seven (7) days before the Final Approval Hearing, all relevant reply papers shall be filed and served by the parties to the action. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

22. For clarity, the deadlines the parties shall adhere to are as follows:

Spotify to serve the Class Action Fairness Act ("CAFA") Notice pursuant to 28 U.S.C. § 1715(b) by: June 5, 2017 (within 10 days after the filing of the Motion for Preliminary Approval)

Postcard Notice Mailed and/or Emailed by: _____, 2017 (*within 35 days after entry of Preliminary Approval Order*)

Publication Notice commences by: _____, 2017 (*within 45 days after entry of Preliminary Approval Order*)

Settlement Administrator's declaration regarding notice to Settlement Class by _____, 2017 (*within 10 days prior to the Objection/Exclusion Deadline*)

Objection/Exclusion Deadline: _____, 2017 (*within 75 days after entry of Preliminary Approval Order*)

Final Approval and Fee and Cost Submissions: _____, 2017 (*21 days prior to Final Approval Hearing*)

Final Approval and Fee and Cost Reply Submissions: _____, 2017 (*7 days prior to Final Approval Hearing*)

Final Approval Hearing: _____, 2017 (*at least 125 days after entry of Preliminary Approval Order*)

23. Pending final determination of whether the Settlement should be approved, Class Plaintiffs and all Settlement Class Members who do not validly and timely request exclusion from the Settlement Class shall not commence or prosecute any action, suit, proceeding, claim, or cause of action in any court or before any tribunal to assert Released Claims against Spotify Releasees.

24. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of or to any other aspect of the Settlement Agreement. To be considered by the Court, any such objection must be delivered in writing to Class Counsel and Spotify's counsel and filed with the Court no later than seventy-five (75) days after the entry of this Preliminary Approval Order. The written statement must include: (i) a detailed statement of the Settlement Class Member's objections, as well as the specific reasons, if any, for each objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention; (ii) the Settlement Class Member's name, address, telephone number, and email address; and (iii) the U.S. copyright registration number (or copyright registration application number) for each Claimed Musical Work owned by the Settlement Class Member that Spotify made available for interactive streaming and/or limited downloading during the Class Period without a license. The objector must also list any other objections by the objector, or the objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

25. If a Settlement Class Member wants to appear at the Final Approval Hearing and be heard with respect to objecting to the Settlement, that person or entity must file with the Court

and serve on Class Counsel and Spotify's Counsel a written notice of the intention to appear at the Final Approval Hearing, along with that Settlement Class Member's written statement of objections. Any Settlement Class Member who fails to object in accordance with these terms shall be barred from being heard at the Final Approval Hearing and deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If a Settlement Class Member hires an attorney to represent him or her, at the Settlement Class Member's own expense, that attorney must file a notice of appearance with the clerk of the Court and must serve copies on Class Counsel and Defendant's Counsel no more than seventy-five (75) days after entry of this Order.

26. No discovery or other information sought regarding the Settlement Agreement, Settlement, this Motion, the Final Approval Order and Judgment, and any matters related thereto, by any Settlement Class Member, any counsel on behalf of any Settlement Class Member, or by any objector or counsel representing an objector shall be permitted absent further order of this Court. All other discovery and other pretrial proceedings in this Action are stayed and suspended until further order of the Court.

### VII. OTHER PROVISIONS

27. If the Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached, except insofar as expressly provided to the contrary in the Settlement Agreement.

28. The Court finds that Spotify has made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the Complaint. Spotify has made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Spotify that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. The Court further finds that the Settlement of the Action, the negotiation and execution of this Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Spotify or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Spotify in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

29. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement or further order of the Court.

///

///

30. The Court retains exclusive continuing jurisdiction over the Action, the Parties, the Settlement Class, the Settlement Fund, and the Future Royalty Payments Program, to consider all further matters arising out of or connected with the Settlement.

DATED: _____

_____
Alison J. Nathan
UNITED STATES DISTRICT JUDGE