IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA FERRICK, et al., <br><br> Plaintiff, <br><br> vs. <br><br> SPOTIFY USA INC., et al., <br><br> Defendants. | No. 1:16-cv-08412 (AJN) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: MAY 2 2 2018 |

CORRECTED
[~~PROPOSED~~] ORDER AND FINAL JUDGMENT APPROVING
CLASS ACTION SETTLEMENT

1

WHEREAS, Class Plaintiffs Melissa Ferrick, individually and doing business as Nine Two One Music and Right on Records/Publishing; Jaco Pastorius, Inc.; and Gerencia 360 Publishing, Inc., in Civil Action No. 14-cv-8714 (together, "Class Plaintiffs" or "Named Plaintiffs"), for themselves and on behalf of the proposed Settlement Class, entered into an agreement (the "Settlement") with Defendant Spotify USA, Inc. ("Spotify").

WHEREAS, on June 29, 2017 the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") (Dkt. 177). Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order on August 3, 2017, and the Court held a fairness hearing on December 1, 2017.

Having considered Class Plaintiffs' Motion for Final Approval of Class Action Settlement, supporting declarations, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Stipulation of Settlement, Exhibit C to the Declaration of Steven G. Sklaver in Support of Preliminary Approval of Settlement (Docket # 176-3) (the "Settlement").

2. The Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the Settlement, the fairness hearing, and related matters. Proof that mailing and publication complied with the Preliminary Approval Order has been filed with the Court. The Notice given to Class Members complied in all

respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.

3. The Court approves, as to form and content, the initial Class Action Fairness Act ("CAFA") Notice that was served within 10 days after the filing of the Motion for Preliminary Approval of the Settlement (an example of the Notice was attached as Exhibit A to the Declaration of Stephen J. Cirami, Dkt. 190). The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b).

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of a mediator and in good faith by counsel with significant experience litigating class actions.

5. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23 and in light of the proposed Settlement, the Court certified the following class for settlement purposes (the "Settlement Class"):

> All persons or entities who own copyrights in one or more musical compositions (a) for which a certificate of registration has been issued or applied for on or before the Preliminary Approval Date; and (b) that was made available by Spotify for interactive streaming and/or limited downloads during the Class Period (December 28, 2012 through the Preliminary Approval Date) without a license.

6. Excluded from the Settlement Class are: (i) Spotify and its affiliates, employees, and counsel; (ii) federal, state, and local governmental entities; (iii) the Court; (iv) persons and entities who, in 2016, executed a Participating Publisher Pending and Unmatched Usage Agreement in connection with the Pending and Unmatched Usage Agreement, dated as of March 17, 2016, between Spotify and the National Music Publishers' Association, or any other person or entity who has agreed not to bring a claim against Spotify in this Action; and (v) any person or entity who has already provided Spotify with a release with respect to claims concerning musical

3

compositions for which a certificate of registration has been issued or applied for, but the exclusion applies solely with respect to such released claims.

7. The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs its consummation pursuant to its terms and conditions.

8. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved.

9. The individuals and entities who timely and validly requested exclusion from the Class are excluded with respect to claims involving the musical compositions properly identified by copyright registration number in their requests for exclusion. With respect to claims involving those properly identified musical compositions, these individuals and entities are not included in or bound by this Order and Final Judgment, and are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

10. This Action is dismissed with prejudice as to Spotify and, except as provided in Section 15 of the Settlement Agreement, without costs to either party.

11. This Order and Final Judgment shall operate as a complete bar order that discharges and releases the Released Claims by the Releasors as to all the Releasees.

12. The institution and prosecution, by Class Plaintiffs and any Class Member, either directly, individually, representatively, derivatively or in any other capacity, by whatever means, of any other action against the Releasees in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the Released Claims is permanently barred, enjoined and restrained.

13. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel on behalf of the Class.

14. There is no just reason for delay in directing entry of a Final Judgment as to Spotify.

15. The Settlement Fund Escrow Account, which is being established by Class Plaintiffs and Spotify, and into which Spotify is depositing a total of $43,450,000, and the Attorneys' Fee Escrow Account, into which Spotify will deposit a total of $5,000,000 (subject to a fee award of that amount by the Court), are approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

16. Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

17. The distribution plan, as set forth in the Notice, is approved because it is fair, reasonable, and adequate.

18. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement; (c) any application for attorneys' fees and reimbursement made by Plaintiffs' Counsel; (d) any application for notice and administration costs, taxes and tax expenses fees; (e) any application for incentive awards for the Class Plaintiffs; (f) any supplemental application for costs or expenses; and (g) the distribution of the settlement proceeds to the Class Members.

DATED: _____May 22_____, 2018

UNITED STATES DISTRICT COURT

_____
The Honorable Alison J. Nathan
United States District Court Judge

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's SDNY Procedures for Electronic Filing.

/s/  Steven G. Sklaver
Steven G. Sklaver