USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Melissa Ferrick, et al.,

        Plaintiffs,

–v–

Spotify USA Inc., et al.,

        Defendants.

16-cv-8412 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    In May 2018, this Court granted final approval of the class action settlement in this case. Dkt. No. 420. Among other things, the settlement created a Future Royalty Payments Program. That program provided class members with two kinds of relief: (1) class members who filed claims during the initial claiming process would receive statutory royalties for streaming or downloading by Spotify of tracks embodying their claimed musical works after June 29, 2017; and (2) class members who did not participate in the initial claiming process could submit claims at any time to obtain the same statutory royalty payments—dating back to the June 29, 2017 preliminary approval date and on an ongoing basis. After the Court approved the settlement, Congress passed the Music Modernization Act, Pub. L. No. 115-264, 132 Stat. 3676 (Oct. 11, 2018) (codified at 17 U.S.C. § 115), which changed the way mechanical licensing operates throughout the music industry. According to Spotify, the regime that the MMA implemented in some ways overlaps with the settlement's Future Royalty Payments Program by, among other things, replacing the previous form of licensing of musical compositions under the Copyright Act with a new blanket license that came into effect in January 2021. It also centralizes the responsibility for payment of statutory royalties in the Mechanical Licensing Collective, a nonprofit entity.

1

Spotify now seeks to modify the class action settlement in this case to account for the industry changes that the MMA effected. The specific modifications it seeks are explained in its brief in support of its motion to modify the Corrected Order and Final Judgment Approving Class Action Settlement and in its proposed order. *See* Dkt. Nos. 501-1, 502.

That motion is now pending before the Court. Dkt. No. 501. Class counsel has indicated that it does not oppose the motion. Dkt. No. 503.

Spotify argues that pursuant to Rule 60(b)(5), the Court has the authority to modify the settlement to reflect the changed circumstances triggered by Congress's enactment of the MMA. Dkt. No. 502. Spotify also argues that supplemental notice to class members of the proposed modifications is not required—indeed, that it would be wasteful and lead to confusion. *Id.* at 27-28.

The Court seeks more specific views of Class Counsel on the procedural issues implicated by the motion to modify. By May 7, 2021, Class Counsel shall respond to the following questions with explanation:

1. Do you agree with Spotify that the proposed modifications "would not impair the rights of class members in any way"? Dkt. No. 502 at 27; *see also Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 312 (D.D.C. 2015) ("Rule 23(e) applies only when a modification materially hinders a class member's legal right, and this proposed modification [after final approval] would not do so.").

2. Do you agree that Rule 60(b)(5) is the appropriate procedural mechanism for seeking the requested modifications of the finally approved class action settlement in this case?

3. Do you agree that notice to class members and a fairness hearing are unnecessary in order for the Court to approve the proposed modification?

4. Even if the procedural requirements of Rule 23(e) do not apply to Spotify's motion, should the Court require Class Counsel to provide notice of the pending motion and conduct a hearing in which class members are permitted to speak? *See Keepseagle*,

102 F. Supp. 3d at 316 (noting that Rule 23(e) did not apply to a pending motion to modify a class settlement but finding authority to require notice under Rule 23(d)(1)(B)). Or do you agree with Spotify that requiring notice would waste the parties' resources and cause confusion?

While the Court directs these questions to Class Counsel, Spotify may also file any supplemental briefing addressing these questions that would be helpful to the Court.

SO ORDERED.

Dated: April 29, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge