IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/21

| | |
|---|---|
| MELISSA FERRICK, et al.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>SPOTIFY USA INC., et al.,<br><br>        Defendants. | No. 1:16-cv-08412 (AJN)<br><br>[PROPOSED] ORDER GRANTING DEFENDANT SPOTIFY USA INC.'S UNOPPOSED MOTION TO MODIFY FINAL JUDGMENT |

  WHEREAS, the Court has considered Defendant Spotify USA Inc.'s unopposed motion, pursuant to Fed. R. Civ. P. 60(b)(5), to modify the Corrected Order and Final Judgment Approving Class Action Settlement, dated May 22, 2018 (Dkt. No. 420);

  WHEREAS, the Court has previously entered stipulated orders modifying the settlement agreement in order to grant class members additional time to correct deficient claim forms (Dkt. No. 483) and extend certain deadlines for the settlement administrator (Dkt. No. 498); and

  WHEREAS, the Court holds that, in light of the subsequent enactment of the Music Modernization Act, Pub. L. No. 115-264, 132 Stat. 3675 (2018) (codified at 17 U.S.C. § 115), there are sufficient changed circumstances to justify the proposed modifications to the settlement agreement and such modifications will not prejudice the rights of class members;

  **NOW, THEREFORE, IT IS HEREBY ORDERED:**

  1. Paragraph 4.3 of the settlement agreement is amended to add a new subparagraph 4.3(s), which states: "Spotify may satisfy its obligations under the Future Royalty Payments Program for usage for the period between the Preliminary Approval Date and December 31, 2020 by accruing and paying royalties to the mechanical licensing collective ("MLC") recognized pursuant to the Music Modernization Act, 17 U.S.C. § 115(d). If Spotify does so, it will not be

obligated to pay duplicative royalties for a particular Claimed Musical Work and accordingly need not pay royalties for a Claimed Musical Work under both the Future Royalty Payments Program and to the MLC. If, however, Spotify pays to the MLC mechanical royalties that are owed to an Identified Royalty Claimant with respect to a track embodying a Claimed Musical Work but the Identified Royalty Claimant does not receive mechanical royalties from the MLC for the period between the Preliminary Approval Date and December 31, 2020 because the MLC distributed those royalties to other copyright owners pursuant to 17 U.S.C. § 115(d)(3)(J), that Identified Royalty Claimant shall inform the Settlement Administrator by using the Future Royalty Payments Program Website to provide: (i) the Claimed Musical Work; (ii) the Spotify track identifier for all tracks embodying the Claimed Musical Work; and (iii) the periods for which the MLC has failed to remit royalties.  On a quarterly basis, starting no sooner than the first quarter after the MLC finishes paying royalties to copyright owners for the period between the Preliminary Approval Date and December 31, 2020 (including the redistribution pursuant to 17 U.S.C. § 115(d)(3)(J)), the Settlement Administrator shall inform Spotify of these Identified Royalty Claimants and the information they provide.  Within ninety (90) days of receiving that quarterly list, Spotify shall remit payment to each such Identified Royalty Claimant who is not subject to an unresolved Royalty Ownership Dispute or an unresolved dispute under 17 U.S.C. § 115(d)(3)(K) of any mechanical royalties that the MLC failed to remit to the Identified Royalty Claimant because those royalties were distributed under 17 U.S.C. § 115(d)(3)(J) but would have been required to be paid under the Future Royalty Payments Program.  In the event that the MLC later pays these missing royalties to the Identified Royalty Claimant, the Claimant must promptly reimburse Spotify for any duplicative royalties paid to that Identified Royalty Claimant.  In addition, Spotify shall have no obligation to pay royalties to an Identified Royalty Claimant with respect to usage between the Preliminary Approval Date and December 31, 2020 of any Claimed Musical Work not claimed

until after January 1, 2021 until after the MLC has finished paying royalties to copyright owners for that same period (including the distribution pursuant to 17 U.S.C. § 115(d)(3)(J)).”

      2.      Paragraph 4.4 of the settlement agreement is amended to add new subparagraph 4.4(e), which shall state: "If a dispute regarding mechanical royalties for Claimed Musical works is subject to the procedures prescribed under 17 U.S.C. § 115(d)(3)(K), those procedures shall govern the resolution of that dispute rather than the procedures of paragraph 4."

      3.      Subparagraph 4.3(c) of the settlement agreement is amended to add the following two sentences at the end: "Because the mechanical licensing collective ("MLC") has established a process for copyright owners to claim or identify their musical works in order to obtain royalties from digital music providers seeking a blanket license under 17 U.S.C. § 115(d), Spotify shall alter (or direct the Settlement Administrator to alter) the Future Royalty Payments Program Website to recommend that class members use the MLC's process in order to obtain all royalties that have not been distributed to other copyright owners pursuant to 17 U.S.C. § 115(d)(3)(J) and, to the extent that any distributed royalties are owed under this settlement, use the Future Royalty Payments Program Website to submit a claim for them.  The statement to be added to the Future Royalty Payments Program Website shall inform class members that (i) although class members may continue to claim works using the Future Royalty Payments Program Website, doing so is no longer necessary if the class member instead claims their works through the MLC's claiming process, with a link to the MLC's claiming portal; (ii) claiming works through the MLC's portal is sufficient to obtain mechanical royalties from all digital music providers, including Spotify; (iii) class members who fail to claim their works through the MLC's portal cannot be guaranteed that the MLC will pay them for usage on Spotify that takes place after the January 1, 2021 blanket license date; (iv) class members who fail to claim their works through the MLC's portal may be missing opportunities to collect royalties for streaming by all providers, including Spotify, for

works that were added to the service after the class period; (v) class members who use the MLC's portal to claim their works need not also submit a Spotify-only claim through the Future Royalty Payments Program Website; (vi) the royalties the class member would receive from a claim filed through the MLC portal would include both ongoing royalties as well as royalties dating back to when the MLC last redistributed royalties for unmatched works to other copyright owners; and (vii) class members who have waited to claim their works until after the MLC has distributed historical royalties for unmatched works pursuant to 17 U.S.C. § 115(d)(3)(J) can still obtain royalties from Spotify for the period between the Preliminary Approval Date and December 31, 2020 by submitting a claim using the Future Royalty Payments Program Website.  Spotify also may alter (or direct the Settlement Administrator to alter) the Future Royalty Payments Program Website to require Identified Royalty Claimants to submit any additional information needed to determine whether they are owed royalties under the settlement that they will not receive from the MLC and the amount of any such royalties.  To the extent practicable, Spotify may share information about Identified Royalty Claimants and their Claimed Musical Works with the MLC, and may register Identified Royalty Claimants with the MLC if needed to facilitate payment of royalties by the MLC to Identified Royalty Claimants.  Spotify may alter (or direct the Settlement Administrator to alter) the Future Royalty Payments Program Website to advise that, if the Identified Royalty Claimant has registered with the MLC, properly followed the MLC's procedures for claiming musical works, and such claims are not subject to any conflict, the Identified Royalty Claimant may communicate with a Spotify-appointed special liaison to assist with pursuing the payment of royalty claims with the MLC."

    4.      Subparagraph 4.3(d) of the settlement agreement is amended to add the following sentence at the end: "Alternatively, the instructions that Spotify must maintain on its website for

how Settlement Class Members may submit additional claims may instead consist of instructions on how they may claim works with the MLC."

**It is so ordered.**

Dated: May 10, 2021

New York, New York

JUDGE ALISON J. NATHAN
United States District Judge

5

> In reaching this determination, the Court has also considered Class Counsel's submission as well as Spotify's supplemental submission. Dkt. Nos. 505, 506.  SO ORDERED.